IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

SAMUEL JAMISON                                                                                    PLAINTIFF

v.                                            2:22-cv-00085-KGB-JJV

KILOLO KIJAKAZI,
Acting Commissioner,
Social Security Administration,                                                                 DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge Kristine G. Baker.  The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection.  The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Samuel Jamison has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits.  The Administrative Law Judge (ALJ) concluded he had not been under a disability within the meaning of the Social Security Act, because jobs existed in significant numbers he could perform despite his impairments.  (Tr. 16-27.)

This review function is extremely limited.  A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error.  *Long v. Chater*, 108 F.3d

185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Plaintiff was sixty years old at the time of the administrative hearing. (Tr. 39.) He testified he was a college graduate and has past relevant work as a screen room operator. (Tr. 25-26, 39.)

The ALJ[1] first found Mr. Jamison met the disability eligibility requirements to apply for disability insurance benefits. (Tr. 18.) He has "severe" impairments in the form of "history of prostate cancer, cervicalgia, depression and adjustment disorder with mixed emotional features." (Tr. 19.) The ALJ further found Plaintiff did not have an impairment or combination of

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 19-21.)

The ALJ determined Mr. Jamison had the residual functional capacity (RFC) to perform work at all exertional levels but was limited to performing work activities that are simple, routine, and repetitive, with supervision that is simple, direct, and concrete. (Tr. 21.) He further determined Mr. Jamison could have only occasional interaction with co-workers, supervisors, and the public. (*Id*.)

The ALJ determined Plaintiff could no longer perform his past work, so he utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite his impairments. (Tr. 57-60.) Based in part on the testimony of the vocational expert, the ALJ determined he could perform the jobs of machine packager and hand launder - despite any limitations. (Tr. 26-27.) Accordingly, the ALJ determined Mr. Jamison was not disabled. (Tr. 27.)

The Appeals Council considered additional evidence and then denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 5-15.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of his Complaint, Mr. Jamison argues that the ALJ's RFC assessment was flawed. Specifically, Plaintiff says the ALJ failed to include any limitation from his "severe" cervicalgia and the deficiencies completing tasks found by a consulting examiner. (Doc. No. 13 at 4-8.) Given my limited review under the law, my careful review of the ALJ's opinion, the medical record, and the briefs from the respective parties, I find that the ALJ's opinion is supported by substantial evidence.

---

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

With regard to cervicalgia, I find the Commissioner's arguments highly persuasive. Plaintiff's medical records on this impairment are extremely limited. He only once complained about neck pain on October 16, 2018. The treatment notes state, "he changed his pillow and now left side neck hurts occasionally." (Tr. 305.) And as the Commissioner correctly points out, all other examination and treatment notes show no other complaints or complications from cervicalgia.

Plaintiff makes a fair point that – because the ALJ considered cervicalgia a "severe" impairment – it only makes sense the RFC would address his neck pain. However, given the medical evidence, I am unwilling to remand this matter on that basis.

Additionally, I have considered Plaintiff's argument regarding his deficiencies completing tasks. Charles M. Spellmann, Ph.D., completed a consultative Mental Diagnostic Evaluation of Plaintiff. (Tr. 376-380.) The ALJ found Dr. Spellmann's ". . . opinion persuasive as the doctor noted mental limitations, however the limitations were not so severe as to preclude work activity, as supported by the record." (Tr. 25.) Accordingly, the ALJ's RFC assessment limited Plaintiff to work that is simple, routine, and repetitive, with supervision that is simple, direct, and concrete. So, while Dr. Spellmann did state, "Claimant may be slow to complete tasks within an acceptable timeframe," the ALJ fairly considered Plaintiff's mental limitations as reflected in his RFC assessment.

Ultimately, I find the ALJ carefully considered the record and made a supported determination that Plaintiff was not disabled. In coming to this conclusion, the ALJ considered the medical records and the opinions from medical professionals. And in his opinion, the ALJ fairly set out the rationale for his conclusions. (Tr. 16-27.)

There is substantial evidence to support the Commissioner's decision. Plaintiff had the

burden of proving his disability.  *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988).  Thus, he bore the responsibility of presenting the strongest case possible.  *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991).  Plaintiff has simply not met that burden.  The record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

Mr. Jamison's counsel has done an admirable job advocating for his rights here.  But is not the task of a court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.  There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed, and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 23rd day of February 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE